

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CRUM & FORSTER SPECIALTY INSURANCE CO. | CIVIL ACTION NO: 12-3080 |
| VERSUS | JUDGE DONALD E. WALTER |
| EXPLO SYSTEMS INC. | MAGISTRATE JUDGE HAYES |

### MEMORANDUM RULING

Before the Court is a Motion to Dismiss on Grounds of Abstention [Doc. 14] filed on behalf of Defendant Explo Systems, Inc. ("Explo"). Plaintiffs Crum & Forster Specialty Insurance Company ("Crum & Forster") and Seneca Specialty Insurance Company ("Seneca") (collectively "Defendants") oppose the motion. For the reasons stated herein, Defendant's motion is hereby **DENIED**.

### I. BACKGROUND

On October 15, 2012, a large explosion occurred at Camp Minden, Louisiana where Explo was storing explosives. [Doc. 1 at 2]. As a result of the explosion and the subsequent investigation, the town of Doyline, Louisiana was evacuated when authorities discovered additional explosives. The citizens of Doyline have since filed a class action lawsuit in Louisiana state court against Explo for damages arising out of the initial explosion and subsequent evacuation. That lawsuit, *Susan Fullerton, et al. v. Explo Systems, Inc.*, No. 00072717, Division A, 26th Judicial District Court, Parish of Webster, State of Louisiana, was filed on November 29, 2012. [Doc. 14-2]. The *Fullerton* Plaintiffs amended the petition on December 6, 2012, adding additional plaintiffs and requesting

1

copies of all insurance policies issued to Explo. [Doc. 14-3]. On December 17, 2012, the *Fullerton* Plaintiffs filed a Third Supplemental and Amended Petition, adding Crum & Forster as a defendant and alleging that Crum & Forster issued a policy of insurance in favor of Explo and that the policy was in full force and effect at the time of the incident. [Doc. 14-4]. Explo tendered the defense of the *Fullerton* action to Crum & Forster on December 3, 2012, and Crum & Forster denied coverage on December 13, 2012. [Doc. 14-5].

Crum & Forster filed this suit on December 14, 2012. Crum & Forster then filed a First Amended Complaint on December 27, 2012, adding Seneca as a party plaintiff. [Doc. 8]. Together, Crum & Forster and Seneca seek a declaratory judgment declaring their duty to defend and/or indemnify Explo for claims and remediation costs arising out of the explosion and Doyline evacuation, including those claims brought in the *Fullerton* lawsuit. Plaintiffs also seek to rescind the insurance policies issued to Explo on the grounds that Explo made material misrepresentations in its insurance applications.

## II. LAW AND ANALYSIS

Explo argues in this motion to dismiss that this Court should use its discretion to decline to exercise jurisdiction over an action brought under the Declaratory Judgment Act, 28 U.S.C. § 2201, and dismiss the action in order to allow the state court to address the coverage issues. More specifically, Explo argues that this motion should be considered under the *Brillhart* abstention doctrine. *See Brillhart v. Excess Insurance Company of America*, 316 U.S. 491 (1942). "The *Brillhart* standard affords a district court broad discretion in determining whether to hear an action brought pursuant to the Declaratory Judgment Act." *New England Ins. Co. v. Barnett*, 561 F.3d 392, 394 (5th Cir. 2009) (per curiam) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 281 (1995)).

2

Plaintiffs counter that the line of cases beginning with *Colorado River Water Conservation District v. United States*, 9424 U.S. 800 (1976) provides the appropriate abstention analysis in this case because, in addition to a declaratory judgment, Plaintiffs have a claim for recission of the insurance policies. This Court's discretion to abstain and dismiss under *Colorado River* is "narrowly circumscribed" and is governed by a broader "exceptional circumstances" standard. *Southwinds Aviation Inc. v. Bergen Aviation, Inc.*, 23 F.3d 948, 951 (5th Cir. 1994) (per curiam).

Where a declaratory judgment action also involves a claim for coercive relief, the Fifth Circuit applies *Colorado River* abstention unless the coercive relief is either frivolous or added simply to defeat *Brillhart*. *New England Ins. Co.*, 531 F.3d at 395–96. In *New England Insurance Company*, the Fifth Circuit described the following claims as coercive: bad faith, breach of contract, breach of fiduciary duty, rescission, other claims for monetary relief, claims for attorney's fees, and injunctive relief. *Id. See also Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, No. 08-243, 2010 WL 278877, *2 (E.D. Tex. Jan. 20, 2010) ("It appears, based on this list, the Fifth Circuit is using the term 'coercive' to describe any non-declaratory claim for relief, even those, like contract rescission, that do not technically 'coerce' any action from the parties."). As this case involves claims for both declaratory and coercive relief,[1] Explo's motion must be analyzed under *Colorado River* abstention.

*Colorado River* abstention is appropriate in parallel litigation under "exceptional circumstances."[2] *Saucier v. Aviva Life & Annuity Co.*, 701 F.3d 458, 462 (5th Cir. 2012) (citing *Kelly*

---

[1] Explo does not contest that Plaintiffs' claim for rescission is coercive in nature. Nor does it argue that the claim for contract rescission is frivolous or added merely to defeat *Brillhart*.

[2] The parties agree that this case and the *Fullerton* case are parallel proceedings.

*Inv., Inc. v. Continental Common Corp.*, 315 F.3d 494, 497 (5th Cir. 2002)). The Supreme Court has identified six factors for district courts to consider in determining whether "exceptional circumstances" exist: (1) assumption by either court of jurisdiction over a *res*; (2) relative inconvenience of the fora; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the extent to which federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction. *Id.* These factors should be carefully balanced, "with the balance heavily weighed in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 16 (1983).

## A. Assumption of Jurisdiction Over a *Res*

Both parties acknowledge that neither the state court nor this Court have assumed jurisdiction over any property in this case. Explo contends that the absence of jurisdiction over a *res* makes this factor neutral. [Doc. 26 at 2]. Contrary to Explo's contention, however, this factor weighs in favor of exercising federal jurisdiction when no court has assumed jurisdiction over a disputed *res*. *Saucier*, 701 F.3d at 463 (citing *Stewart v. Western Heritage Ins. Co.*, 438 F.3d 488, 492 (5th Cir. 2006)). Therefore, this factor weighs against Explo and in favor of exercising federal jurisdiction.

## B. Relative Inconvenience of the Fora

The proper question under the relative inconvenience factor is "whether the inconvenience of the federal forum is so great that abstention is warranted." *Kelly Inv., Inc. v. Continental Common Corp.*, 315 F.3d 494, 498 (5th Cir. 2002) (internal quotations omitted). Explo argues that the Federal Courthouse in Shreveport is 25 miles from the place where the underlying event occurred, whereas the Webster Parish Courthouse is in the same parish. [Doc. 26 at 3]. Plaintiffs note in their

sur-reply that the Webster Parish Courthouse is approximately nine miles from Camp Minden. [Doc. 29]. Regardless of the actual distance from Camp Minden to the respective courthouses, the Court notes that Webster Parish is part of the Shreveport Division of the Western District of Louisiana. Generally speaking, Webster Parish and Shreveport are in the same geographical area. "When courts are in the same geographic location, the inconvenience factor weighs *against* abstention." *Saucier*, 701 F.3d at 463 (quoting *Stewart*, 438 F.3d at 492) (emphasis in original).

**C. Avoidance of Piecemeal Litigation**

Explo argues that piecemeal litigation cannot be avoided if this Court exercises jurisdiction in this case since the plaintiffs in the state court *Fullerton* case have a direct cause of action against Crum & Forster. Accordingly, it argues that this Court cannot decide all of the issues related to the underlying incident. [Doc. 26 at 3–4]. Plaintiffs argue that the two cases are parallel, duplicative actions, and that piecemeal litigation would not result from this Court exercising jurisdiction over this matter. [Doc. 23 at 7].

Explo is correct that the federal and state actions are not entirely duplicative.[3] The plaintiffs in the state court action are a class of citizens seeking redress for the explosion and evacuation in the fall of 2012. These citizens are not party to the federal court action. Similarly, Seneca is not party to the state court action. The potential for piecemeal litigation in this case does not, however, require abstention. "The real concern at the heart of the third *Colorado River* factor is the avoidance of piecemeal litigation, and the concomitant danger of inconsistent rulings with respect to a piece of property. When, as here, no court has assumed jurisdiction over a disputed res, there is no such

---

[3] Plaintiffs admit as much in their sur-reply, noting in a heading on page 2 that "The federal and state court cases are not parallel and duplicative." [Doc. 29 at 2].

danger." *Black Sea Investment, Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650–51 (5th Cir. 2000) (citing *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1192 (5th Cir. 1988)). Res judicata will prevent the two courts from reaching inconsistent rulings. Given the potential for piecemeal litigation, this factor weighs in favor of abstention, albeit slightly for the aforementioned reasons.

**D. Order in Which Jurisdiction Was Obtained**

The fourth factor of the *Colorado River* analysis "should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone*, 460 U.S. at 21. This factor "should be applied in a pragmatic, flexible manner with a view to the realities of the case at hand." *Id.*

Explo argues that, although Crum & Forster filed the federal suit before they were added as a defendant by amended petition in the *Fullerton* matter, Crum & Forster was aware that they would soon be hailed into the state forum. Explo cites *Allen v. Louisiana State Board of Dentistry*, 835 F.2d 100 (5th Cir. 1988) for the proposition that the Fifth Circuit considers the fact that the state court action was initiated a week before the federal action to be significant. [Doc. 26 at 4–5]. Although the 5th Circuit did acknowledge that the state administrative proceeding was filed a week before the federal suit in *Allen*, it made clear that the fourth factor weighed in favor of abstention in that case because of the difference in discovery progress. *Id.* at 104 ("The record discloses that there has been extensive discovery in state court that would only have been duplicated in federal court had the district court not abstained. In the meantime the federal suit had not moved beyond the filing of amended and supplemental complaints."). It appears that the week between the filing of the state and federal actions was noted to highlight the contrast between the rate of progress in the different fora.

Plaintiffs argue that there has been no substantial progression of the coverage issues in the state court, whereas discovery has already commenced in federal court. [Doc. 23 at 7]. Explo argues that Plaintiffs only commenced discovery after the motion to dismiss was filed, but fails to show why the timing of Plaintiffs' discovery requests is relevant. The important issue in this factor is whether a significant amount of discovery has taken place in either case. Even assuming that minimal discovery has taken place in both cases, this factor does not weigh in favor of abstention because the state court has not made significant progress compared to the federal court. Furthermore, the pragmatic reality is that the state court class action is going to proceed significantly slower than this action for declaratory relief and recission will in federal court.

This factor mostly neutral, since neither the state court action nor the federal court acthas made significant progress.

### E. Whether State or Federal Law Will Be Applied

The fifth factor addresses whether state or federal law will be applied. Plaintiffs concede that the issues in this case will be controlled solely by state law, but argue that the presence of state law issues only weighs in favor of abstention in rare circumstances. Explo argues that this case presents such a rare circumstance. In *Evanston*, the Fifth Circuit explained the significance of the presence or absence of state law:

> The absence of a federal-law issue does not counsel in favor of abstention, for as the Court stated in *Moses Cone*, "our task ... is not to find some substantial reason for the *exercise* of federal jurisdiction." The presence of a federal law issue "must always be a major consideration weighing against surrender [of jurisdiction]," but the presence of state law issues weighs in favor of surrender only in rare circumstances.

*Evanston Ins. Co.*, 844 F.2d at 1193 (alterations in original, footnotes omitted). Explo argues that this case presents a rare circumstance because it involves liability insurance which is issued primarily

for the protection of the public. Thus, this case implicates state public policy considerations. [Doc. 26 at 5–6].

The Court disagrees that a liability insurance coverage question is a "rare circumstance" warranting abstention, as federal courts frequently decide cases involving liability insurance coverage. This factor does not weigh in favor of abstention.

### F. Adequate Protection in State Court

The sixth factor, the parties' rights can be adequately protected in state court, "can only be a neutral factor or one that weighs against, not for, abstention." *Evanston Ins. Co.*, 844 F.2d at 1193. This is because a party does not lose his right to access a federal forum merely because his rights could be protected in state court. *Id.*

This factor is neutral.

### G. Other Considerations

Explo argues that the Court should consider Plaintiffs' "procedural acrobatics" in determining whether abstention is appropriate. [Doc. 26 at 6–7]. It contends that the Supreme Court has noted that "the vexatious or reactive nature of either the federal or the state litigation may influence the decision whether to defer to a parallel state litigation under *Colorado River*." *Moses H. Cone*, 460 U.S. at 17 n.20. Although the Court noted that a "vexatious or reactive" suit could be a tipping point, it then found that it "need not rely on such reasoning here, however, for we conclude *infra* that even if the Hospital acted in complete good faith there were no exceptional circumstances warranting the District Court's stay." *Id.* For similar reasons, this Court need not analyze whether Plaintiffs brought this claim for improper reasons since the *Colorado River* factors, when balanced

together, do not support a finding of exceptional circumstances sufficient to justify dismissal.[4]

### III. CONCLUSION

Abstention under *Colorado River* is warranted only in exceptional circumstances. Upon carefully balancing the appropriate factors, the Court finds that this case does not present an exceptional circumstance warranting dismissal. "Duplicative litigation, wasteful though it may be, is a necessary cost of our nation's maintenance of two separate and distinct judicial systems possessed of frequently overlapping jurisdiction." *Black Sea Inv., Ltd.*, 204 F.3d at 650.

Explo's motion to dismiss [Doc. 14] is hereby **DENIED**.

**THUS DONE AND SIGNED**, Shreveport, Louisiana, this the 2 day of May, 2013.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

---

[4] Explo also asks the Court to sever the action in the event that abstention is proper as to fewer than all claims. Since there are no exceptional circumstances warranting abstention, the Court need not address this request.