# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | | |
|---|---|---|
| **CRUM & FORSTER SPECIALTY INSURANCE CO.** | : | **CIVIL ACTION NO. 12-3080** |
| **VS.** | : | **JUDGE DONALD E. WALTER** |
| **EXPLO SYSTEMS, INC.** | : | **MAG. JUDGE KAREN L. HAYES** |

## MEMORANDUM ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, is a

motion to intervene [doc. # 94] filed by Robert W. Hayden.  The motion is opposed.  For reasons

detailed below, the motion is GRANTED.[1]

## Background

On October 15, 2012, a large explosion occurred at Camp Minden, Louisiana
where [Explo Systems, Inc., ("Explo")] was storing explosives. [Doc. 1 at 2].  As
a result of the explosion and the subsequent investigation, the town of Doyline,
Louisiana was evacuated when authorities discovered additional explosives.  The
citizens of Doyline have since filed a class action lawsuit in Louisiana state court
against Explo for damages arising out of the initial explosion and subsequent
evacuation.  That lawsuit, S*usan Fullerton et al. v. Explo Systems, Inc.*, No.
00072717, Division A, 26th Judicial District Court, Parish of Webster, State of
Louisiana, was filed on November 29, 2012.  [Doc. 14-2].  The *Fullerton*
Plaintiffs amended the petition on December 6, 2012, adding additional plaintiffs
and requesting copies of all insurance policies issued to Explo.  [Doc. 14-3].  On
December 17, 2012, the *Fullerton* Plaintiffs filed a Third Supplemental and
Amended Petition, adding [Crum & Forster Specialty Insurance Company
("C&FS") as a defendant and alleging that C&FS issued a policy of insurance in

---

[1] As this motion is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor
dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil
Procedure, this ruling is issued under the authority thereof, and in accordance with the standing
order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a)
and LR 74.1(W).

favor of Explo and that the policy was in full force and effect at the time of the incident.  [Doc. 14-4].  Explo tendered the defense of the *Fullerton* action to C&FS on December 3, 2012, and C&FS denied coverage on December 13, 2012. [Doc. 14-5].

C&FS filed this suit on December 14, 2012.  C&FS then filed a First Amended Complaint on December 27, 2012, adding [Seneca Specialty Insurance Company ("Seneca")] as a party plaintiff.  [doc. # 8].  Together, C&FS and Seneca seek a declaratory judgment declaring their duty to defend and/or indemnify Explo for claims and remediation costs arising out of the explosion and Doyline evacuation, including those claims brought in the Fullerton lawsuit.  Plaintiffs also seek to rescind the insurance policies issued to Explo on the grounds that Explo made material misrepresentations in its insurance applications.

(May 2, 2013, Mem. Ruling [doc. # 31]).[2]

On July 17, 2013, the court granted permission for Clean Harbor Environmental Services Inc. to intervene in this matter to recover certain costs that it had expended for emergency cleanup services on behalf of Explo.  *See* July 17, 2013, Order and Complaint in Intervention [doc. #s 66 & 67].

On August 12, 2013, Explo filed for Chapter 11 bankruptcy, which automatically stayed this matter.  *See* Notice of Bankruptcy [doc. # 81] and Aug. 16, 2013, Mem. Order [doc. # 85]. Nonetheless, after apparently persuading the bankruptcy court to lift the automatic stay,[3] C&FS and Seneca filed motions for partial summary judgment to obtain determinations that they owe no duty to defend or indemnify Explo for any claim arising out of 1) the explosion at Explo's Camp Minden operation on October 15, 2012; and 2) the November 2012 evacuation of Camp Minden and the surrounding area following the explosion at Explo's Camp Minden operation on October 15,2 012.  [doc. #s 91 & 92].

---

[2]  At some point, the caption in the *Fullerton* suit became *Roger Reeves, et al. v. Explo Systems, Inc.  See e.g.,* 5th Suppl and Amend. Class Action Petition for Damages [doc. # 112-1].

[3]  *See* Opp. Memo., pgs. 4-5.

On March 12, 2014, Robert W. Hayden, a prospective class member in the

*Fullerton/Reeves* matter, filed the instant motion to intervene in this case.  In support of his

motion, he adduced a copy of a March 10, 2014, letter from the Chapter 11 Bankruptcy Trustee,

in which the Trustee advised attorneys who had filed pre-petition suits against Explo, that C&FS

and Seneca had filed dispositive motions in this matter.  (March 10, 2014, Letter from John

Luster; M/Intervene, Exh. 1 [doc. # 94]).  The Trustee explained that the bankruptcy estate had

no money to oppose the motions, and would not do so.  *Id*.  Accordingly, Hayden seeks to

intervene herein to protect his, and the prospective class's interest in the insurance proceeds – an

interest that could be adversely impacted by the pending motions for partial summary judgment.

C&FS and Seneca filed their opposition to the proposed intervention on April 2, 2014.

They oppose the proposed intervention on the grounds that it is futile, and because it otherwise

does not meet the requirements for mandatory or permissive intervention.  Hayden filed his reply

brief on April 10, 2014.  Thus, the matter is ripe.

<u>Analysis</u>

Federal Rule of Civil Procedure 24 contemplates two types of intervention:  intervention

of right and permissive intervention.  The court will address each, in turn.

I.      INTERVENTION OF RIGHT

Rule 24(a)(2) provides an absolute right of intervention to a non-party that meets all four

of the following requirements:  "(1) the application for intervention must be timely; (2) the

applicant must have an interest relating to the property or transaction which is the subject of the

action; (3) the applicant must be so situated that the disposition of the action may, as a practical

matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be

inadequately represented by the existing parties to the suit." *Mothersill D.I.S.C. Corp. v.*

*Petroleos Mexicanos, S.A.*,  831 F.2d 59, 61 (5th Cir. 1987) (citations omitted); *see also Hopwood*

*v. State of Tex.*, 21 F.3d 603, 605 (5th Cir. 1994).[4]  The would-be intervenor must satisfy all four

of the above requirements to intervene as of right.  *Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir.

2005) (citation omitted).  In any event, intervention should be granted, where "no one would be

hurt and greater justice could be attained.  *Id.*

    1)    <u>Timeliness</u>

In its timeliness analysis, the court must consider the following four factors,

Factor 1. The length of time during which the would-be intervenor actually or
reasonably should have known of his interest in the case before he petitioned for
leave to intervene.

\* \* \* \* \*

Factor 2. The extent of prejudice that the existing parties to the litigation may
suffer as a result of the would-be intervenor's failure to apply for intervention as
soon as he actually knew or reasonably should have known of his interest in the
case.

\* \* \* \* \*

Factor 3. The extent of the prejudice that the would-be intervenor may suffer if his
petition for leave to intervene is denied.

\* \* \* \* \*

Factor 4. The existence of unusual circumstances militating either for or against a
determination that the application is timely.

*Ross, supra* (citation omitted).

It is manifest that Hayden knew or should have know of his interest in this case well

before he filed the instant motion.  However, until he received the Trustee's letter on March 10,

there is no evidence that he was certain that the Trustee would not sponsor an opposition to the

pending dispositive motions.  Moreover, if he had sought to intervene any earlier then C&FS and

---

    [4]  Intervention of right also applies when a federal statute confers an unconditional right
to intervene.  Fed.R.Civ.P. 24(a)(1).  Movant does not seek to intervene on this basis.

Seneca undoubtedly would have opposed the intervention on the basis that Hayden's interest already was protected by Explo or the Trustee.

In addition, the court does not discern any cognizable prejudice to the existing parties as a result of the timing of the intervention.  At least one existing party has filed responses to the dispositive motions.  Moreover, the District Court granted Hayden an extension of time until April 13, 2014, to file his responses to the dispositive motions.  *See* March 18, 2014, Order [doc. # 103].  Consistent with this order, Hayden filed provisional responses on April 11, 2014.  [doc. #s 112-113].

Finally, Hayden could suffer significant prejudice if the intervention were denied and the dispositive motions granted, without benefit of his memoranda -- at least to the extent that C&FS and Seneca then seek to use the resulting judgment to preclude relitigation of this issue in the pending *Fullerton/Reeves* matter.

Upon consideration of the foregoing factors,[5] the undersigned finds that the instant intervention is timely.

    2)    <u>Interest in the Property or Transaction</u>

Intervention of right requires a "direct, substantial, legally protectable interest in the proceedings," which is determined by reference to substantive law.  *Mothersill, supra* (citations omitted).  The Louisiana Direct Action Statute explicitly provides that when, as here, an insured is in bankruptcy, an injured person or his survivors may bring an action directly against the insurer without joining the insured.  *Sosebee v. Steadfast Ins. Co.*, 701 F.3d 1012, 1021 (5th Cir.

---

[5] The court does not discern any unusual circumstances not otherwise subsumed within the three initial factors.

5

2012) (citing La. Rev.Stat. § 22:1269(B)(1) (Supp.2012)).  Furthermore, the Louisiana Direct

Action Statute "creates a contractual relationship which inures to the benefit of any and every

person who might be negligently injured by the insured as completely as if such injured person

had been specifically named in the policy." *Id.*  (internal quotation marks and citations omitted).

In other words, the "[t]he Louisiana Direct Action doctrine encompasses the principle that an

injured claimant has standing to sue the insurer on the contract as a third party beneficiary of that

contract." *Shockley v. Sallows*, 615 F.2d 233, 238 (5th Cir. 1980).

      Accordingly, an injured claimant has a direct, substantial, and legally protectable interest

sufficient to support intervention in a suit  against the insurer of an otherwise bankrupt insured.

*See In re Babcock & Wilcox Co.*, Civ. Action No. 2001 WL 1095031 (E.D. La. Sept. 18, 2001)

(and cases cited therein).

      3)     <u>Practical Impairment</u>

      The third requirement for intervention of right is that the applicant must be so situated

that the disposition of the action may impair or impede his ability to protect that interest.  The

impairment requirement does not require that the movant be bound by a possible future

judgment. *Brumfield v. Dodd*, ____ F.3d.____, 2014 WL 1395663 (5th Cir. Apr. 10, 2014).  In

fact, the intervenor's burden to demonstrate the inadequacy of representation by the existing

parties is minimal, requiring only a showing that the representation of its interest "may be"

inadequate.  *Hopwood, supra* (citation omitted).

      Hayden readily meets this requirement.  Because he stands as a third-party beneficiary

under the policy, any adverse resolution of coverage in this case, at minimum, *may* impair his

ability to re-litigate this issue in the *Fullerton/Reeves* matter.  *See* La. Civ. Code Art. 1982 and

*In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999) (discussing requirements for claim preclusion to include parties in privity).

      4)    <u>Inadequate Representation by Existing Parties</u>

      The final requirement for intervention of right is that the prospective intervenor's interest not be adequately represented by existing parties.  The movant's burden is minimal, and he need only show that representation of his interest "may be" inadequate.  *Edwards v. City of Houston*, 78 F.3d 983, 1005 (5th Cir. 1996) (citations omitted).  Nonetheless, there are two presumptions of adequate representation:

> First, when the putative representative is a governmental body or officer charged by law with representing the interests of the absentee, a presumption of adequate representation arises whether the would-be intervenor is a citizen or subdivision of the governmental entity.  To overcome this presumption, the applicant must show that its interest is in fact different from that of the [governmental entity] and that the interest will not be represented by [it] . . . The second presumption of adequate representation arises when the would-be intervenor has the same ultimate objective as a party to the lawsuit. In such cases, the applicant for intervention must show adversity of interest, collusion, or nonfeasance on the part of the existing party to overcome the presumption.

*Edwards, supra* (citations and internal quotation marks omitted).

      Neither presumption is present here, however.  The existing parties are not governmental bodies or officers.  Moreover, existing party, Clean Harbors Environmental Services, Inc., took pains to distinguish its cause of action from third-party claims.  *See* Responses doc. #s 96 & 97.  At minimum, Hayden's interest may not be adequately represented by the existing parties.[6]

      Having found that all four requirements dictated by Federal Rule of Civil Procedure

---

    [6]  C&FS and Seneca contend that the intervention is futile because, in effect, Hayden does not have a good faith basis to oppose the pending motions for partial summary judgment. However, Hayden already has filed provisional responses to the dispositive motions.  On the basis of the record now before the court, the undersigned declines to make a finding that those provisional responses were not made in good faith.

24(a)(2) have been met, the court finds the movant is entitled to intervene as a matter of right.

## II.    PERMISSIVE INTERVENTION

Permissive  intervention is appropriate where "an applicant's claim or defense and the main action have a question of law or fact in common." *Trans Chemical Ltd. v. China Nat. Machinery Import and Export Corp.*,  332 F.3d 815, 824 (5th Cir. 2003) (citation omitted). Permissive intervention remains "wholly discretionary" with the court.  *S.E.C. v. Funding Resource Group*  2000 WL 1468823 (5th Cir. 2000) (unpubl.) (citing *New Orleans Public Service, Inc. v. United Gas Pipe Line Co.*,  732 F.2d 452, 471 (5th Cir. 1984) (en banc)).[7] However, "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed.R.Civ.P. 24(c).

The court finds in the alternative that Hayden satisfies the requirements for permissive intervention.  As a third-party beneficiary under the insurance policy, it is manifest that Hayden retains an interest that shares a common question of law or fact with the main action.  In addition, Hayden's intervention will not delay or retard adjudication of the original parties' rights.  As noted above, Hayden already has filed provisional memoranda in opposition to the dispositive motions.  Moreover, Hayden's intervention will not destroy subject matter jurisdiction.  *See* 28 U.S.C. §§ 1332 and/or 1367.

For the foregoing reasons,

The motion to intervene [doc. # 94] filed by Robert W. Hayden is hereby GRANTED.

IT IS SO ORDERED.

---

[7]  Permissive intervention also is authorized when a federal statute confers a conditional right to intervene.  Fed.R.Civ.P. 24(b)(1)(A).  Movant does not contend that intervention is warranted on these grounds.

THUS DONE AND SIGNED at Monroe, Louisiana, this 14th day of April 2014.


KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

9