UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| **CRUM & FORSTER SPECIALTY INSURANCE CO.** | : | **CIVIL ACTION NO. 12-3080** |
| VS. | : | JUDGE DONALD E. WALTER |
| **EXPLO SYSTEMS, INC.** | : | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to have certain facts deemed admitted [doc. # 162] filed by plaintiffs Crum & Forster Specialty Insurance Company ("CFS") and Seneca Specialty Insurance Company ("Seneca"). The motion is unopposed. For reasons detailed below, the motion is GRANTED.[1]

### Background

On October 15, 2012, there was a large explosion at Explo Systems, Inc.'s ("Explo") munitions storage facility at Camp Minden, Louisiana. On December 14, 2012, CFS filed the instant complaint for declaratory judgment and rescission against its insured, Explo, seeking a determination that CFS did not owe a duty to defend or indemnify Explo for any claims arising out of the explosion, as well as rescission of the liability policy in effect at the time. *See* Complaint. On December 27, 2012, Seneca joined the suit as a party plaintiff to obtain similar relief against its insured, Explo. *See* 1st Amend. Complaint.

---

[1] As this motion is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and LR 74.1(W).

On August 12, 2013, however, Explo filed for bankruptcy protection, thus triggering the automatic bankruptcy stay. (Notice of Bankruptcy [doc. # 81]). Pursuant to plaintiff's motion, this court lifted the stay on June 19, 2014. (June 19, 2014, Order [doc. # 121]). On October 8, 2014, counsel for Explo withdrew from the case, and John W. Luster, Explo's Bankruptcy Trustee, was added as a notification party for Explo. *See* doc. #s 130-131.

On March 31, 2015, plaintiffs propounded their Second Set of Requests for Admissions to Explo, via John Luster. Plaintiffs also served the requests on former Explo officials/agents: John Frazier, registered agent; David Fincher, president/director; and David Smith, secretary/treasurer. (M/Deem Facts Admitted, Exh. C).

On May 6, 2015, John Luster responded to each of the requests for admission by stating either that "Respondent is the Chapter Seven Trustee of the debtor and has no independent knowledge of these facts," it is "unknown to trustee," or that it is "unknown except for what was in the newspaper." (Answers to 2nd Request for Admissions; M/Deem Facts Admitted, Exh. A). Plaintiffs did not receive responses from any other source.

On June 26, 2015, plaintiffs filed the instant motion to have certain facts deemed admitted. They contend that Explo's responses are insufficient because Explo failed to make a reasonable inquiry before claiming that it lacked requisite knowledge or information to respond. Explo did not file an opposition to the motion, and the time to do so has lapsed. *See* Notice of Motion Setting [doc. # 163]. Therefore, the motion is considered unopposed. *Id*.

## **Law**

Rule 36 of the Federal Rules of Civil Procedures provides that

> a party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:

2

    (A) facts, the application of law to fact, or opinions about either; and

    (B) the genuineness of any described documents.
Fed.R.Civ.P. 36(a)(1).

Rule 36 permits litigants to request admissions regarding a broad range of matters, including ultimate facts and applications of law to fact. *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001) (citations omitted). This discovery device permits the parties to reduce the issues for trial, and to focus their attention on disputed matters. *Id*. Rule 36 further provides specific instructions for answering a request for admission:

> [i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed.R.Civ.P. 36(a)(4).

A reasonable inquiry includes an investigation and inquiry of employees, agents, and others who conceivably and realistically may have information which would enable the respondent to fashion the appropriate response. *Concerned Citizens of Belle Haven v. Belle Haven Club,* 223 F.R.D. 39, 44 (D. Conn. 2004) (citing *Henry v. Champlain Enters.*, 212 F.R.D. 73, 78 (N.D.N.Y.2003)).

   Rule 36 authorizes the requesting party to move to determine the sufficiency of an answer or objection. Fed.R.Civ.P. 36(a)(6). Moreover, "[u]nless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." *Id*.

**Discussion**

Here, it is apparent that respondent failed to make reasonable inquiry before responding to the discovery requests. There is no indication that Mr. Luster contacted Explo's former directors, officers, and other employees in an effort to uncover responsive information. As a result, Explo cannot claim lack of knowledge/information as a basis for its professed inability to admit or deny the discovery requests. Fed.R.Civ.P. 36(a)(4). Accordingly,

IT IS ORDERED that plaintiffs' motion to deem admitted its Second Set of Requests for Admissions [doc. # 162] is hereby GRANTED. Fed.R.Civ.P. 36(a)(6).

In Chambers, at Monroe, Louisiana, this 23rd day of July 2015.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE