UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| **CRUM & FORSTER SPECIALTY INSURANCE CO.** | : | **CIVIL ACTION NO. 12-3080** |
| VS. | : | JUDGE DONALD E. WALTER |
| **EXPLO SYSTEMS, INC.** | : | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to compel supplemental or amended discovery responses [doc. # 170] filed by plaintiffs Crum & Forster Specialty Insurance Company ("CFS") and Seneca Specialty Insurance Company ("Seneca"). The motion is opposed. For reasons detailed below, the motion is GRANTED IN PART and DENIED IN PART.[1]

## Background

On October 15, 2012, a large explosion occurred at Explo Systems, Inc.'s ("Explo") munitions storage facility at Camp Minden, Louisiana. On December 14, 2012, CFS filed the instant complaint for declaratory judgment and rescission against its insured, Explo, seeking a determination that CFS did not owe a duty to defend or indemnify Explo for any claims arising out of the explosion, as well as rescission of the liability policy in effect at the time. *See* Complaint. On December 27, 2012, Seneca, also an Explo insurer, joined the suit as a party plaintiff to obtain similar relief. *See* 1st Amend. Complaint.

---

[1] As this motion is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and LR 74.1(W).

On August 12, 2013, however, Explo filed for bankruptcy protection, thus triggering the automatic bankruptcy stay. (Notice of Bankruptcy [doc. # 81]). The court later lifted the stay on June 19, 2014. (June 19, 2014, Order [doc. # 121]). Meanwhile, in March-April 2014, Robert Hayden sought and obtained leave to intervene in this matter to protect his, and a prospective class's, interest in the CFS and Seneca insurance policies. *See* Apr. 14, 2014, Mem. Order [doc. # 114].[2]

On March 26, 2015, C&F served Hayden with its First Set of Interrogatories and its First Set of Requests for Admission. (M/Compel, Exh. 1). Hayden provided C&F with his discovery responses on May 29, 2015. (M/Compel, Exhs. 2-3). Hayden, however, did not personally sign or verify the responses. *Id*. Furthermore, at his June 2, 2015, deposition, Hayden admitted that he had not previously seen his responses to these discovery requests. (Hayden Depo., pgs. 38-39, 80-81; M/Compel, Exh. 4). Hayden also provided testimony that deviated in part from some of "his" responses to the written discovery.

Over two months after the deposition, plaintiffs' counsel advised counsel for intervenor that Hayden's written responses to C&F's interrogatories and requests for admission were inconsistent with his deposition testimony. (Aug. 13, 2015, Letter from James Carsey to Ryan Gatti; M/Compel, Exh. 5). He asked that Hayden amend his written discovery responses accordingly, or alternatively, that counsel for Hayden contact plaintiffs' counsel to discuss any concerns or objections. *Id*. On August 22, 2015, plaintiffs' counsel e-mailed counsel for Hayden to discern whether a "meet and confer" would be necessary. (Aug. 22, 2015, E-mail from C. Culver to R. Gatti and S. Irving; M/Compel, Exh. 6).

---

[2] Hayden is a member of a related class action lawsuit pending in Louisiana state court against Explo for damages arising out of the explosion at Camp Minden and the subsequent evacuation.

Counsel for Hayden never responded to these entreaties. Thus, on November 3, 2015, plaintiffs filed the instant motion to compel Hayden to provide supplemental or amended discovery responses to C&F's First Set of Interrogatories and First Set of Requests for Admission. Hayden filed his opposition on November 10, 2015. Plaintiffs filed their reply brief on November 18. Briefing is complete; the matter is ripe.

## Discussion

### I. Interrogatories

a) <u>Law</u>

Rule 33 provides that a party may serve an interrogatory on another party that relates to any matter that may be inquired into under Rule 26(b). Fed.R.Civ.P. 33(a)(2). The interrogatories must be answered by the party to whom they are directed. Fed.R.Civ.P. 33(b)(1). Furthermore, "[t]he person who makes the answers must sign them, and the attorney who objects must sign any objections." Fed.R.Civ.P. 33(b)(5). In addition,

> [a] party who has . . . responded to an interrogatory, request for production, or request for admission--must supplement or correct its . . . response:
>
> **(A)** in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>
> **(B)** as ordered by the court.

Fed.R.Civ.P. 26(e)(1).

A party seeking discovery may move for an order compelling production against another party when the latter has failed to answer an interrogatory. *See* Fed.R.Civ.P. 37(a)(3)(B). An evasive or incomplete response is treated as a failure to respond. Fed.R.Civ.P. 37(a)(4).

b) <u>Analysis</u>

Movants contend that Hayden's deposition testimony is inconsistent with his written answers to Interrogatories Nos. 3,[3] 6,[4] 12,[5] and 13.[6] Therefore, they want him to supplement his original answers to these interrogatories. Hayden counters that, when responding to discovery, he is obliged to consult other sources, including his attorneys. Nonetheless, C&F maintains that Hayden must sign his answers to interrogatories, and cannot rely on his attorney's knowledge.

Each side is partially correct. "In answering interrogatories, a party is charged with knowledge of what its agents know, or what is in records available to it, or even, for purposes of Rule 33, information others have given it on which it intends to rely in its suit." 8B Charles A.

---

[3] Interrogatory No. 3 reads, "[p]lease state the cause or causes of the bunker explosion on October 15, 2012." (M/Compel, Exh. 1). Hayden answered, "I do not know exactly what initialed (sic) the explosion. To my knowledge it was some natural process or event." (M/Compel, Exh. 2). At his deposition, however, Hayden disclaimed any knowledge regarding the cause of the explosion. (Hayden Depo., pgs. 81-82; M/Compel, Exh. 4).

[4] Interrogatory No. 6 reads, "[p]lease identify each damage allegedly suffered by you, the alleged cost of the damage, the monies already spent to remedy such damage and/or injuries, and what you allege caused the damage or injury." (M/Compel, Exh. 1). Hayden answered, "[a]ny and all costs associated with the relocation during the evacuation, and property damage to home including windows, the amount cost of which is unknown at this time, but will be supplemented upon receipt." (M/Compel, Exh. 2). At his deposition, however, Hayden clarified that he did not relocate after the explosion and was not aware of any damage to his windows. (Hayden Depo., pgs. 82-83; M/Compel, Exh. 4).

[5] Interrogatory No. 12 reads, "[p]lease identify and describe Frederick Loughner's knowledge of the facts relating to this lawsuit and his alleged damages, including the cause of those damages." (M/Compel, Exh. 1). Hayden answered, "[t]o Mr. Loughner's knowledge there was an explosion which caused damage to his home. As a result of the explosion, his home is no longer level, his ceiling and walls are cracked, his windows will not open, and his property value is diminished." (M/Compel, Exh. 2). At his deposition, however, Hayden testified that he was not aware of Mr. Loughner's damages. (Hayden Depo., pgs. 83-84; M/Compel, Exh. 4).

[6] Interrogatory No. 13 reads, "[C&F] and Seneca have submitted to Intervenor their First Set of Requests for Admissions. For any 'denial' of those requested admissions, please explain the factual basis for your denial and the information upon which you base your denial." (M/Compel, Exh. 1). Hayden answered, "[p]lease see Answers to Requests for Admissions." (M/Compel, Exh. 2). At his deposition, Hayden testified that he had not previously reviewed his responses to the requests for admission. (Hayden Depo., pg. 85; M/Compel, Exh. 4).

Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2177 (3d ed.) (2015); *see also Oklahoma v. Tyson Foods, Inc.*, 262 F.R.D. 617, 629 (N.D. Okla. 2009) (same). Furthermore, "a party served with interrogatories has an obligation to reveal information held by his attorneys." *Naismith v. Prof'l Golfers Ass'n*, 85 F.R.D. 552, 565 (N.D. Ga. 1979) (citing *inter alia, Hickman v. Taylor*, 329 U.S. 495, 504, 67 S.Ct. 385, 390, 91 L.Ed. 451 (1947)).

Here, Hayden properly relied on his attorneys' knowledge in crafting his answers to C&F's interrogatories. However, Hayden's attorney(s) apparently answered the interrogatories without going over the responses with him, thereby leaving Hayden in the dark at his deposition. The lack of collaboration also is made apparent by Hayden's failure to personally sign the answers in contravention of Rule 33. *See* Intervenor's Ans. to Interr.; M/Compel, Exh. 2; *see also* Hayden Depo.; M/Compel, Exh. 4.[7]

Accordingly, within the next 14 days from the date of this order, Hayden shall review his answers to C&F's First Set of Interrogatories and provide C&F with the requisite verification under oath for all interrogatory answers. If Hayden is not comfortable with some of his original answers, then, within the same period, he shall supplement his answers in accordance with Rule 26(e)(1).[8]

---

[7] *Answers* to interrogatories must be written, and signed under oath by the *party* to whom the interrogatories were directed – not his or her attorney. *See* Fed.R.Civ.P. 33(b)(1) and (3); *Leleux-Thubron v. Iberia Par. Gov't*, Civ. Action No. 13-0852, 2015 WL 5519231, at *2-3 (W.D. La. Sept. 16, 2015) (citing inter alia, C. Wright, A. Miller, R. Marcus, 8A *Federal Practice and Procedure* §§ 2172 and 2177 (West 1994)). This constitutes one of the few exceptions to the general principle that the attorney may sign all pleadings and papers. *Leleux, supra* (citation omitted). Of course, any *objections* to the interrogatories must be signed by the attorney. Fed.R.Civ.P. 33(b)(5).

[8] After consultation with his attorney(s), Hayden may be satisfied that his original answers were correct. However, if he has more specific information in response to Interrogatory No. 6, he should so supplement – as he agreed to do in his original answer. **In addition, he shall supplement Interrogatory No. 13 by providing factual bases for denying Requests for Admission 6, 7, and 9**. *See* discussion, *infra*.

**II.      Requests for Admission**

      a)      <u>Law</u>

Rule 36 of the Federal Rules of Civil Procedures provides that

> a party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
>
>     (A) facts, the application of law to fact, or opinions about either; and
>
>     (B) the genuineness of any described documents.

Fed.R.Civ.P. 36(a)(1).

Rule 36 permits litigants to request admissions regarding a broad range of matters, including ultimate facts and applications of law to fact. *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001) (citations omitted). This discovery device permits the parties to reduce the issues for trial, and to focus their attention on disputed matters. *Id*. Rule 36 further provides specific instructions for answering a request for admission:

> [i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed.R.Civ.P. 36(a)(4).

A reasonable inquiry includes an investigation and inquiry of employees, agents, and others who conceivably and realistically may have information which would enable the respondent to fashion the appropriate response. *Concerned Citizens of Belle Haven v. Belle Haven Club*, 223 F.R.D. 39, 44 (D. Conn. 2004) (citing *Henry v. Champlain Enters.*, 212 F.R.D. 73, 78 (N.D.N.Y.2003)).

Rule 36 authorizes the requesting party to move to determine the sufficiency of an answer or objection. Fed.R.Civ.P. 36(a)(6). Moreover, "[u]nless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." *Id*.

    b)    <u>Analysis</u>

Movants contend that Hayden's deposition testimony is inconsistent with his responses to Requests for Admission Nos. 2,[9] 6,[10] 7,[11] and 9.[12] In his opposition, Hayden explained his grounds for denying the requests for admission.

As with Hayden's disputed answers to interrogatories, the court finds that he properly relied on his attorney's knowledge in denying the requests for admission. *See* discussion, *supra*.

---

[9] Request for Admission No. 2 reads, "[t]he only material stored in the trailer and the bunker involved in the 2012 Explosion was black smokeless powder." (M/Compel, Exh. 1). Hayden denied the request, inter alia, because he understood that "black powder and smokeless powder [were] not the same commodity." (M/Compel, Exh. 3). At his deposition, however, Hayden testified that he did not know whether black powder and smokeless powder were the same commodity. (Hayden Depo., pg. 39; M/Compel, Exh. 4).

[10] Request for Admission No. 6 reads, "[a]fter the 2012 Explosion, the Louisiana State Police found more than 15 million tons of unsecured M6 propellant stored outside of bunkers in and around the portion of Camp Minden where Explo performed the Operations." (M/Compel, Exh. 1). Hayden denied the request for admission because the statement was false. (M/Compel, Exh. 3). At his deposition, however, Hayden indicated that, *other than the amount of the propellant*, he did not disagree with the request for admission. (Hayden Depo., pgs. 39-40; M/Compel, Exh. 4).

[11] Request for Admission No. 7 reads, "[a]fter the 2012 Explosion, the Louisiana State Police found more than 8 million tons of a variety of other explosives improperly stored inside of bunkers in and around the portion of Camp Minden where Explo performed its operations." (M/Compel, Exh. 1). Hayden denied the request for admission because it was false. (M/Compel, Exh. 3). At his deposition, however, Hayden did not know whether the statement was true or not. (Hayden Depo., pgs. 40-41; M/Compel, Exh. 4).

[12] Request for Admission No. 9 reads, "[t]he evacuation of Doyline, Louisiana that occurred on November 28, 2012 was not due to the 2012 Explosion or the presence of smokeless black powder at Camp Minden." (M/Compel, Exh. 1). Hayden denied the request for admission because it was false. (M/Compel, Exh. 3). At his deposition, Hayden did not know what substance exploded at Camp Minden. (Hayden Depo., pg. 41; M/Compel, Exh. 4).

Moreover, Rule 36 authorizes the responding party to deny a request for admission, without explication. *See* Fed.R.Civ.P. 36(a)(4); *Janko v. Fresh Mkt., Inc.*, Civ. Action No. 13-648, 2015 WL 4714928, at *3 (M.D. La. Aug. 5, 2015); *U.S. E.E.O.C. v. IESI Louisiana Corp.*, Civ. Action No. 09-0980, 2010 WL 2342393, at *2 (W.D. La. June 3, 2010); *In re Katrina Canal Breaches Consol. Litig.*, Civ. Action No. 05-4182, 2007 WL 1959193, at *3 (E.D. La. June 27, 2007).[13]

However, it is manifest that, in contravention of Rule 36, Hayden — the party to whom the request was directed – did not collaborate with his attorney(s) in preparing the written answers to the admission requests. *See* Fed.R.Civ.P. 36(a)(3); *Leleux, supra*. Furthermore, unless the request for admission was objected to, the answers arguably should have been signed personally by Hayden.[14]

Accordingly, within the next 14 days from the date of this order, Hayden shall review his answers to C&F's First Set of Requests for Admission and provide C&F with the requisite signature and verification under oath. If Hayden is not comfortable with some of his original answers, then, within the same period, he shall supplement his answers in accordance with Rule 26(e)(1).

## Conclusion

For the foregoing reasons,

---

[13] However, good faith may compel a party to admit part of a request and qualify or deny the remainder. Fed.R.Civ.P. 36(a)(4). Hayden may fulfill this duty via his amended answer to Interrogatory No. 13. *See* discussion, *supra*.

[14] Rule 36 requires "the party to whom the request is directed [to serve] on the requesting party a *written answer or objection* addressed to the matter and *signed by the party or its attorney*." Fed.R.Civ.P. 36(a)(3) (emphasis added). When read in conjunction with Rule 33, this provision may be construed as requiring the *party* to sign an answer to a request for admission, but authorizing the party's *attorney* to sign any objection. *See Leleux, supra* (requiring each defendant to sign and verify responses to requests for admission).

IT IS ORDERED that plaintiffs' motion to compel supplemental or amended discovery responses [doc. # 170] is hereby GRANTED IN PART, as detailed in the body of this opinion.

IT IS FURTHER ORDERED that the motion [doc. # 170] otherwise is DENIED.

In Chambers, at Monroe, Louisiana, this 30th day of November 2015.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE