# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | | |
|---|---|---|
| **CRUM & FORSTER SPECIALTY INSURANCE CO.** | : | **CIVIL ACTION NO. 12-3080** |
| **VS.** | : | **JUDGE DONALD E. WALTER** |
| **EXPLO SYSTEMS, INC.** | : | **MAG. JUDGE KAREN L. HAYES** |

## MEMORANDUM ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, is a "Motion to Compel Answer to Deposition Question to Shelley Hopkins" [doc. # 172] filed by plaintiffs Crum & Forster Specialty Insurance Company ("CFS") and Seneca Specialty Insurance Company ("Seneca"). No opposition has been filed. For reasons detailed below, the motion is GRANTED.[1]

## Background

On October 9, 2015, plaintiffs took the deposition of Mr. Shelly Hopkins,[2] a criminal investigator with the Louisiana State Police who was in charge of the investigation of the explosion at Camp Minden.[3] During his deposition, Mr. Hopkins testified that he had been designated as an expert witness in the State of Louisiana's criminal investigation of Explo and

---

[1] As this motion is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and LR 74.1(W).

[2] Mr. Hopkins' first name is spelled "Shelley" in the motion, but "Shelly" in the deposition transcript.

[3] For additional background details in this case, see doc. # 178.

several of its officers arising out of the same events that are at issue in this case. When plaintiffs' counsel asked Mr. Hopkins to identify the areas in which he had been designated an expert witness, counsel for the Louisiana Military Department instructed Mr. Hopkins not to answer. Mr. Hopkins stated that he would heed his counsel's advice. *See* Hopkins Depo., pgs. 111-115; M/Compel, Exh. 1).

On November 3, 2015, plaintiffs filed the instant motion to compel Mr. Hopkins to answer the foregoing question. They contend that "[t]he information on the areas in which Mr. Hopkins has been accepted as an expert witness in the ongoing criminal proceedings will help this Court determine whether Mr. Hopkins should be allowed to testify as an expert and will also assist the jury in determining the credibility of [his] testimony." (M/Compel, Memo., pg. 3). The court issued a notice of motion setting, but no response has been filed, and the time to do has lapsed. (Notice of Motion Setting [doc. # 173]). Accordingly, the matter is ripe.

## Analysis

> Parties are entitled to obtain discovery
>
> regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit . . .

Fed. R. Civ. P. 26(b)(1).

Here, the areas on which Mr. Hopkins will be allowed to testify as an expert witness in the criminal proceedings go to both his qualifications as an expert witness and his credibility as a witness in this case. In response, Hopkins has made no showing that the information sought is privileged or otherwise disproportionate to the needs of the case.

**Conclusion**

For the foregoing reasons,

IT IS ORDERED that plaintiffs' motion to compel [doc. # 172] is hereby GRANTED. Within the next 14 days from the date of this order, Shelly Hopkins shall provide plaintiffs with a verified discovery response disclosing the areas or matter that he has been designated or accepted as an expert witness in any criminal proceeding involving Explo Services or its owners, officers, or employees.

In Chambers, at Monroe, Louisiana, this 3rd day of December 2015.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE